FILED

MAY 11 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CV20   3214**

| | |
|---|---|
| Catherine Cheyssial        Plaintiff, | ) |
| vs. | ) CASE NO. SF-0752-18-0540-I-2 |
| Ryan D. McCarthy, Secretary, Department of the Army | ) EMPLOYMENT DISCRIMINATION COMPLAINT |
| Defendant(s). | ) |

1.   Plaintiff resides at:

Address 12165 Poplar Road

City, State & Zip Code Auburn,CA  95602

Phone 619-200-4560

2.   Defendant is located at:

Address 441 G Street

City, State & Zip Code Washington, DC  20314

3.   This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.   The acts complained of in this suit concern:

a. __ Failure to employ me.

b.  X  Termination of my employment.

Form-Intake 2 (Rev. 4/05)                    - 1 -

1       c. __ Failure to promote me.

2       d. __ Other acts as specified below.

3    Denial of Reasonable Accommodation, Denial of Mandatory Interactive Process for
Reasonable Accommodation Requests, Harassment/Hostile Work Environment, Differential
Treatment, Letter of Warning, Denial of Processing Leave Donations
Forms for Over a Year, Ignoring and Denying Requests for Assistance, Forced to Take Annual
Leave after Requesting a Reasonable Accommodation, Unsatisfactory Performance Appraisal and
Denial of Assistance after receiving an Unsatisfactory Performance Appraisal, Denial of Multiple
Requests for Mediation, Denial of Request for New EEO Counselor, and multiple instances of
Retaliation after filing Reasonable Accommodation Requests and EEO Complaints up to and
Including Termination of Employment.

4    _____

5    _____ __

6    _____

7    _____

8    _____

9   5.     Defendant's conduct is discriminatory with respect to the following:

10      a. __ My race or color.

11      b. __ My religion.

12      c. __ My sex.

13      d. __ My national origin.

14      e. __ Other as specified below.

15    Age (Over 40), Mental and Physical Disability, Reprisal for prior EEO Complaints and
Requests for Reasonable Accommodation.

16   6.     The basic facts surrounding my claim of discrimination are:

17   I transferred from the Department of the Navy to Department of the Army Corps of Engineers
in November 2014.  After working at the Army Corps of Engineers, Pacific Region, for about a
month, I started having symptoms of Anxiety, Panic Attacks, and Depression.  I had been treated
for these medical conditions in the past and had been in remission for over 10 years.  I went to my
doctor in mid-December 2014 and, after a variety of tests and doctors appointments, was
put on a treatment plan that included counseling and medication.  Because the panic attacks that I
was having happened at work and on public transportation, I requested a reasonable
accommodation to be allowed to telework until my doctor felt I was well enough to return to the
office as I was becoming very unwell.  I was allowed a temporary telework for about a couple of
weeks.  My doctor requested a longer term telework arrangement.  I submitted my request for a
reasonable accommodation in February 2015.  I provided medical documentation with my request.
I was informed that I would have to take leave until a decision was rendered on my request.  After
that I would check in periodically with my supervisor and was told the request was in process and

that I would still be required to take leave. As my leave became more and more diminished, I became very concerned. No one was talking to me about my request and there was no Interactive process so I was in limbo and my leave was going to be exhausted, it appeared, before I would get answer. I eventually was allowed to telework one day a week because that option was a already being given to all other EEO employees. I wondered why I was not given the same option initially. Eventually, I was told I was not allowed to request full-time telework so I requested 80 percent telework for six months in June 2015. This arrangement did not work. Even though I very much wanted to make this arrangement work, I was having severe symptoms at that time and it be was very difficult to meet these two days a week coming into the office. When you have a medical Condition where you cannot predict when you will have a good day, its impossible to turn your symptoms off on specific days. It just was very difficult. Just trying to make it work, made my Symptoms even more severe because I was fearful that I was going to be in trouble. I was already feeling that my first and second line supervisor were not happy with me so this just exacerbated the stress. I request EEO counseling in July 2015 with mediation in hopes to try to sit down and discuss the issue and hopefully resolve it, but mediation was declined by management. I ended up filing a formal complaint on or about August 2015. I was never given an explanation by the EEO Counselor why mediation was declined. In the coming months, the working relationship with my supervisor must seemed to deteriorate. I requested leave donations and advanced leave and the Paperwork always languished and I would have to continually request updates. I was without Leave and everytime I wasn't able to come into the office I had to take Leave Without Pay. This was becoming financially very difficult. When the National Conference took place in Atlanta in August 2015, as I was unable to travel per my doctor, I requested to be able to attend the Conference meetings telephonically so I could participate in them. I never received a response to that request. During this time I was working at home even on days when I was on leave to keep up with the workload. I had a lot of vacancies in my Districts and I was working hard to fill positions. I was still able to be very productive at home. I later found out that my supervisor used the conference to pull my team together and have them each give him their opinion of me. I was told that by one of the EEO Managers who was in attendance. He never discussed this meeting with me and I would not have known unless I was told. On August 15, 2015, my mother died and this was devastating to me. I had moved to Northern California to be near my ailing mother because she was very ill and I was extremely close to her. The bereavement period made my symptoms exacerbated for quite some time, so I was still having difficulty coming into the office two days a week. In November 2015, I was issued an Unsatisfactory Performance Appraisal because of my absences due to illness. I had received nothing but Outstanding Performance Appraisals and Performance Awards for many years and this was shocking. I did not expect to be Outstanding but I was totally blindsided by the rating and felt very strongly it was reprisal. When I asked my supervisor why I received it, he told me that I was doing too much "operational" work and not enough headquarters work. This was very surprising because the appraisal form said due to absences and I was never counsel about my performance. My supervisor even used the meeting in Atlanta as in the appraisal form which again was shocking because he never talked to me about the meeting. He rarely talked to me at all. I had been working diligently at my job and had submitted my write-up with my achievements prior to the rating, but my supervisor never mentioned anything about what I had been working on and I had been working hard even though I had been dealing with my medical conditions. In the months to come, I tried my hardest to just keep working and delivering results and was starting to see some of my positions in my District being filled and was also filling in as the EEO Manager for the San Francisco District, which was the busiest District for EEO complaints. I would come into the office whenever I could even

it was extremely difficult and my doctor kept requesting that I be allowed full-time telework._____

18   My former boss at the Department of the Navy asked why I had not filed for Disability
Retirement.  I never even considered it.  But after the Performance Rating and the poor
Treatment continued, I felt that I had no choice but to file for Disability Retirement.  In December
2015, I requested a Second Reasonable Accommodation to be allowed to Telework until
there was a decision on my Disability Retirement.  My supervisor answered that he would
check with the Division and get back to me.  In never received a response to that Request for
Reasonable Accommodation.  Again there was no interactive process, absolutely no one would
talk to me about my request.  I sent follow-up emails and in March my supervisor requested
updated medical documents which I provided.  I never received a response to that Request for
Reasonable Accommodation after that. In January/February, I needed assistance with the San
Francisco District and request my supervisors help with getting another EEO Manager to
assist with EEO Counseling.  It was normal to request outside assistance from other
Districts when Districts became inundated with cases and needed counseling assistance.
My supervisor responded that he would not help me and that I was on my own.  I found this
very surprising because I had received an Unsatisfactory Performance Appraisal just a few
months before and normally assistance is offered in those situations.  I was never given any
assistance or put on any type of performance improvement plan.  I continued working and
submitting my weekly reports, I was very busy and being very productive but I never
received a response on any of my weekly reports.  In fact, I was receiving no feedback at
all.  In March, after the EEO Counselor had written another EEO Counselor Report, the EEO
Counselor accidentally sent me an email meant for management only.  In the email, the
EEO Counselor told my supervisor that he had completed the report and that he did his
best to put the EEO Office in the best light possible.  It was clear to me at that point, that
the contract EEO Counselor was not acting in a neutral way and was showing deference to
management.  I requested a new EEO Counselor but it was denied.  I ended up after many
months of enduring so many instances of retaliatory and different treatment from any other
employee with requesting FMLA leave.  During the time I was on FMLA leave, I received
a letter of warning about using too much leave and threatening to terminate me.  I was at
the lowest point I have ever been at that point.  I tried to communicate with my supervisor but
communication was extremely poor and limited at that point.  I was never contacted about
my return to work after FMLA.  I send emails to my supervisor and I was told that I could
only return to work if it was physically in the office.  I had still not received a response to
my Reasonable Accommodation Request of December 2015 and submitted a third request
for Reasonable Accommodation but it was denied in November 2016 and I received my
Proposed Removal in November 2015 and the Decision to Remove for Medical Reasons on
January 6, 2017.  I had spent 33 years in a career I loved and performed exeeptionally in receiving
many awards including the Meritorious Civil Service Award in December 2012.  To see
my career end this way was extremely demoralizing and I lost so much dignity, confidence,
and sense of identity after a very honorable and successful career.  I have struggled to gain
my confidence and sense of self back and my illness exacerbated due to the extreme stress and
depression of everything that happened.  I'm still struggling to find my footing and be
my true self again.  In addition to protracted health problems, I have lost significantly financially.
._____

19   _____

20   _____

21   _____

22  _____

23  _____

24  _____

25  7.    The alleged discrimination occurred on or about  February 2015 through January 2017    .

26                                            (DATE)

27  8.    I filed charges with the Federal Equal Employment Opportunity Commission (or the

28  California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                    - 2 -

1 | discriminatory conduct on or about March /April 2015_____.

2 | (DATE)

3 | 9.     The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter

4 | (copy attached), which was received by me on or about <u>January 28, 2020</u>          .

5 | (DATE)

6 | 10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:

7 | Yes <u>X</u>     No _____

8 | 11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,

9 | including injunctive orders, damages, costs, and attorney fees.

11 | DATED:  <u>February 27, 2020</u>          *Catherine M. Cheyssial*

12 | SIGNATURE OF PLAINTIFF

14 | (PLEASE NOTE: NOTARIZATION        <u>Catherine M. Cheyssial</u>

15 | IS <u>NOT</u> REQUIRED.)        PLAINTIFF'S NAME

16 | (Printed or Typed)

Form-Intake 2 (Rev. 4/13)          - 3 -

 Gmail

catherine cheyssial <ccheyssial@gmail.com>

## Status of Request for Reconsideration
8 messages

**catherine cheyssial** <ccheyssial@gmail.com>                         Mon, Jan 27, 2020 at 3:48 PM
To: ofo.eeoc@eeoc.gov

I am contacting EEOC OFO to request the status of the Petition for Review filed in August 23, 2019.

Case:  Catherine M.  Cheyssial v. Department of the Army

Docket No.  SF-0752-18-0540-I-2

Please feel free to contact me at 619-200-4560.

Respectfully,

Catherine M. Cheyssial

Sent from my iPhone

---

**OFOEEOC** <OFO.EEOC@eeoc.gov>                                       Tue, Jan 28, 2020 at 2:07 PM
To: catherine cheyssial <ccheyssial@gmail.com>

Ms. Cheyssial,

A decision was issued on your petition, 2020000041, on November 13, 2019.  Attached please find copies of the decision and Certficate of Mailing.  The password to open the attached documents will be sent in a separate email.

Attorney of the Day
Office of Federal Operations
EEOC
[Quoted text hidden]

**2 attachments**

📄 **2020000041 DEC.pdf**
164K

📄 **2020000041.Certificate.pdf**
14K

---

**OFOEEOC** <OFO.EEOC@eeoc.gov>                                       Tue, Jan 28, 2020 at 2:12 PM
To: catherine cheyssial <ccheyssial@gmail.com>

The password is eeocofo.

-----Original Message-----
From: catherine cheyssial <ccheyssial@gmail.com>
Sent: Monday, January 27, 2020 6:48 PM
To: OFOEEOC <OFO.EEOC@EEOC.GOV>
Subject: Status of Request for Reconsideration

[Quoted text hidden]

---

**catherine cheyssial** <ccheyssial@gmail.com>                        Tue, Jan 28, 2020 at 2:21 PM
To: OFOEEOC <OFO.EEOC@eeoc.gov>

Did this go out in regular mail of certified?  I did not receive it.

Please advise.

V/r,

Catherine Cheyssial

Sent from my iPhone

> On Jan 28, 2020, at 2:07 PM, OFOEEOC <OFO.EEOC@eeoc.gov> wrote:
>
> Ms. Cheyssial,
[Quoted text hidden]
> <2020000041 DEC.pdf>
> <2020000041.Certificate.pdf>

---

**OFOEEOC** <OFO.EEOC@eeoc.gov>                 Wed, Jan 29, 2020 at 2:35 PM
To: catherine cheyssial <ccheyssial@gmail.com>

Ms. Cheyssial,

Yes, as indicated in the Certificate of Mailing, the decision was sent our via regular mail to your address of record.
[Quoted text hidden]

---

**catherine cheyssial** <ccheyssial@gmail.com>          Thu, Jan 30, 2020 at 12:59 AM
To: OFOEEOC <OFO.EEOC@eeoc.gov>

I did not receive it.  I live on a rural postal route and have had problems with regular mail.  Additionally, I had mail interruption until mid-November due to new mailbox requirements in my community and had to pick up mail at the Post Office for at least two months.  Some of my mail went missing during this period.  If the letter was sent around this time, that could explain why I did not receive it.

I need to make this a part of the record that I just received this decision on January 28, 2020.

Thank you,

Catherine Cheyssial

Sent from my iPhone

[Quoted text hidden]

---

**OFOEEOC** <OFO.EEOC@eeoc.gov>                 Thu, Jan 30, 2020 at 9:27 AM
To: catherine cheyssial <ccheyssial@gmail.com>

Ms. Cheyssial,

We cannot add any additional documentation to the file for a closed matter.  As stated in the decision, your recourse at this time is to file a civil action in an appropriate US District Court.  You can raise your timeliness issue with the court.  To search for the appropriate federal district court where you can file a civil action, you should check the US Courts' homepage, www.uscourts.gov.  As far as what you need to file with the Court, you should check with the Clerk of the Court.
[Quoted text hidden]

---

**catherine cheyssial** <ccheyssial@gmail.com>         Wed, Feb 19, 2020 at 11:34 AM
To: OFOEEOC <OFO.EEOC@eeoc.gov>

Thank you.

Sent from my iPhone

[Quoted text hidden]



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Catherine M. Cheyssial, a/k/a
Johana S.,[1]
Petitioner,

v.

Ryan D. McCarthy,
Secretary,
Department of the Army,
Agency.

Petition No. 2020000041

MSPB No. SF-0752-18-0540-I-2

DECISION

On August 23, 2019, Petitioner filed a timely petition with the Equal Employment Opportunity Commission (EEOC or Commission) asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq.

BACKGROUND

Petitioner worked as an EEO Specialist, GS-13, at the Agency's Office of Diversity and Leadership. Petitioner alleged that the Agency discriminated against her on the bases of disability (mental/physical) and reprisal for prior protected EEO activity when, effective January 7, 2017, the Agency removed her based on the charge of Medical Inability to Perform the Essential Functions of her Position. The record reflects that Petitioner had exhausted her sick leave by December 2015, as well as, exhausted 240 hours of advanced sick leave by May 2016, and Family Medical Leave Act leave by October 2016. Additionally, Petitioner advised her first-level supervisor of her inability to perform the essential functions, or critical elements of her position, if she had to perform them in the office due to her inability to commute without experiencing extreme panic and anxiety attacks.

---

[1] This case has been randomly assigned a pseudonym which will replace Petitioner's name when the decision is published to non-parties and the Commission's website.

A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an initial decision upholding the removal, after finding that the Agency was able to establish that Petitioner was unable to perform the essential functions of her position because she could not leave her home to work. Additionally, the AJ found that a nexus existed between Petitioner's inability to attend work and her performance. The AJ also found that Petitioner was unable to show by preponderant evidence that the Agency's decision to remove her was motivated by discriminatory or retaliatory animus, or that she was treated differently than employees from outside of her protected category. Specifically, the AJ reasoned that while Petitioner had a medical condition that significantly limited her ability to work, she had not established that she was qualified because she did not show that she could perform the essential functions of her position with an accommodation. While she was permitted to telework three days a week, she was not attending staff meetings or visiting district offices. Her work was largely being covered by other employees, and her supervisor was responding to customer assistance requests. Under these circumstances, the AJ reasoned that it was reasonable for management to assume that Petitioner could not perform the essential functions of her position, or any other, with or without an accommodation.

Petitioner filed the instant petition seeking review of the MSPB decision on the grounds that the Agency did not do enough to accommodate her disability, and because of procedural errors made during the mediation stage of her appeal. Petitioner contends that she was a qualified individual with a disability, and that any other finding was not supported by the record.

In finding no discrimination on the basis of disability and reprisal, the AJ, among other things, relied upon the MSPB's decision in Savage v. Department of the Army, 122 M.S.P.R. 612 (2015). In Savage, the MSPB, among other things, determined that the analytical framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), was not applicable to its proceedings. Savage, 122 M.S.P.R. at 637. In rejecting the McDonnell Douglas framework, the MSPB maintained that its authority to adjudicate and remedy alleged violations of 42 U.S.C. § 2000e-16 was a matter of civil service law. Id.

## ANALYSIS AND FINDINGS

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

In Petitioner's case, we find that the MSPB AJ erred by not applying the McDonnell Douglas analysis in deciding Petitioner's claim of disparate treatment based on disability and in reprisal for prior EEO activity when the Agency removed her; therefore, we will analyze this matter according to the McDonnell Douglas paradigm. We find, however, that the MSPB AJ correctly determined that Petitioner did not establish that the Agency discriminated against her, as alleged.

Under the Commission's regulations, an Agency is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that accommodation would cause an undue hardship. 29 C.F.R. § 1630.9. Reasonable accommodation includes modifications to the manner in which a position is customarily performed in order to enable a qualified individual with a disability to perform the essential job functions. EEOC Notice No. 915.002, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act (October 17, 2002) (Reasonable Accommodation Guidance). The Rehabilitation Act of 1973 prohibits discrimination against qualified disabled individuals. See 29 C.F.R. § 1630. In order to establish disability discrimination, Complainant must show that: (1) she is an individual with a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified individual with a disability pursuant to 29 C.F.R. § 1630.2(m); and (3) the Agency failed to provide a reasonable accommodation.

For purposes of analysis only we will assume, without so finding, that Petitioner is an individual with a disability. We further find; however, Petitioner has not shown that she could perform the essential functions of her position as an EEO Specialist with or without an accommodation, i.e., she has not established that she is a qualified individual with a disability. The record indicates that the Agency attempted to accommodate Petitioner by permitting her to work from home several days a week, but she was still unable to perform the duties of her position with the accommodations provided because there were times that she would be required to leave her home or visit other work-sites.

With regard to her disparate treatment claim, the Commission finds that even assuming, arguendo, that Petitioner established a prima facie case of discrimination based on disability and reprisal, the Agency provided legitimate, non-discriminatory reasons for her removal. By all accounts, Petitioner was unavailable to perform all the functions of her position because she was admittedly unable to physically come into the office or visit other work-sites. Petitioner presented no persuasive evidence of discriminatory or retaliatory animus surrounding the removal. The record reveals that Petitioner was aware that the functions of her job required her to be in the office or at other sites to which she would need to commute. Petitioner was unable to comply with this requirement. Like the MSPB, the Commission finds that Petitioner did not establish that the decision to remove her was based on any asserted protected bases.

CONCLUSION

Based upon a thorough review of the record, it is the decision of the Commission to CONCUR with the final decision of the MSPB finding no unlawful discrimination. For the reasons set forth herein, we conclude that the evidence in the record as a whole supports the MSPB's finding that Petitioner did not establish the affirmative defense of unlawful discrimination.

4                                                                                        2020000041

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


November 13, 2019
Date