UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE MARY CHEYSSIAL,<br><br>   Plaintiff,<br><br>   v.<br><br>RYAN D. MCCARTHY,<br><br>   Defendant. | Case No. 20-cv-03214-WHO<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 20 |

Pro se plaintiff Catherine M. Cheyssial filed this action against defendant Ryan D. McCarthy, Secretary of the Army, alleging age and disability discrimination and retaliation. Before me is McCarthy's motion to dismiss on grounds that this action is untimely and, alternatively, that the Amended Complaint fails to state a claim for discrimination based on a protected class covered by Title VII.

Cheyssial alleges that she did not receive actual notice of the November 13, 2019 Equal Employment Opportunity Commission ("EEOC") decision until January 28, 2020 and that her initial Complaint in this court was mailed on February 27, 2020, within the statutory deadline, but was rejected as a defective pleading. Taking these allegations as true, and liberally construing them particularly in light of Cheyssial's pro se status, I find that she has alleged enough to establish equitable tolling at the pleadings stage. McCarthy's alternative argument fails as well. The underlying EEOC decision that gave Cheyssial her right-to-sue letter analyzed her claim under the Title VII framework. Even if Cheyssial cannot bring her claims under Title VII, she could bring her claims under the other anti-discrimination laws outlined in the Civil Service Reform Act of 1978. *See* 5 U.S.C. §§ 7702, 7703. I will not dismiss her case simply because she cited the incorrect statutes, particularly when the substance of her allegations, which McCarthy

1    does not challenge in its motion, are plausible. For these reasons, McCarthy's motion to dismiss is
2    DENIED.

**BACKGROUND**

Cheyssial alleges that she worked in the Equal Employment Opportunity ("EEO") field for over thirty years and began working as an EEO Specialist at the Army Corps of Engineers, Pacific Region, in November 2014. Amended Complaint ("Am. Compl.") [Dkt. No. 12] at 2, 6. Soon after, she began experiencing symptoms of anxiety and depression, including panic attacks. *Id.* at 2. Because her panic attacks occurred at work and on public transportation, she requested "a reasonable accommodation to be allowed to telework until [her] doctor felt [she] was well enough to return to the office[.]" *Id.* Her permission to telework was reduced to one day per week, then increased to two days. *Id.* at 3. She alleges that this was insufficient and that her supervisors were not responsive to her requests to telework full time. *Id.* Between 2015 and 2017, she continued to request reasonable accommodations and, on at least one occasion, received a negative performance review because of her absences. *Id.* at 2–4. While she was on Family and Medical Leave Act ("FMLA") leave, she received a letter warning her about "using too much leave and threatening to terminate [her]." *Id.* at 4.

On January 6, 2017, Cheyssial received a "Decision to Remove for Medical Reasons" letter and she was subsequently terminated from employment. *Id.* She then filed a complaint with the EEOC. The procedural history leading up to this action is recounted in detail below, but in sum: (i) the EEOC found that the agency did not discriminate against Cheyssial when she was removed; (ii) Cheyssial appealed to the Merit Systems Protection Board ("MSPB"), which affirmed the decision on June 19, 2019; and (iii) Cheyssial appealed again to the EEOC, which issued an opinion on November 13, 2019 concurring with the MSPB's decision finding that no unlawful discrimination occurred. *See* Defendant's Motion to Dismiss ("MTD") [Dkt. No. 20], Ex. A (June 19, 2019 MSPB Decision); *see* Complaint [Dkt. No. 1], Ex. 1 (November 13, 2019 EEOC Decision).[1] The EEOC's November 13, 2019 decision explained that Cheyssial has a right

---

[1] Defendants' request for judicial notice of the underlying MSPB decision issued on June 19, 2019 is GRANTED pursuant to the incorporation by reference doctrine. Cheyssial only attached the

2

to file a civil action in federal district court based on the MSPB's decision "*within thirty (30) calendar days* of the date that you receive this decision." EEOC Decision at 4 (emphasis in original).

On May 11, 2020, Cheyssial filed her Complaint in this court, along with an application to proceed *in forma pauperis* ("IFP"). On May 19, 2020, Magistrate Judge Sallie Kim granted Cheyssial's IFP application, but ordered a hold on the service of the Complaint. Screening Order [Dkt. No. 5] 1. Pursuant to a 28 U.S.C. § 1915(e) review, Judge Kim noted that the final order of the EEOC regarding Cheyssial's Title VII discrimination indicated that Cheyssial had a right to file a civil action "within thirty (30) calendar days of the date that you receive this decision." *Id.* at 2. Judge Kim found that "even if the Court were to calculate the statute of limitations from Plaintiff's stated receipt date of January 28, 2020, Plaintiff's filing of this suit would still be untimely" because "applying the 90-day limitations period for filing suit, the deadline for filing suit was April 27, 2020," but "the complaint was filed on May 11, 2020." *Id.* at 4. Judge Kim allowed Cheyssial to amend her complaint by June 22, 2020 because "she may be able to argue that the time period should be equitably tolled in her particular case." *Id.*

On August 4, 2020, Judge Kim issued a report and recommendation, recommending that this case be dismissed for failure to prosecute because Cheyssial did not file an amended pleading by the June 22, 2020 deadline. Report and Recommendation for Dismissal [Dkt. No. 8]. On August 18, 2020, Cheyssial filed an objection, explaining that she mistakenly overlooked the deadline to file an amended pleading and noticed the June 22, 2020 deadline upon re-reading Magistrate Judge Kim's order. [Dkt. No. 10]. With her objection, she filed the Amended Complaint that addresses the issue of equitable tolling.

On August 24, 2020, I declined to adopt Judge Kim's report and recommendation to dismiss for failure to prosecute and accepted Cheyssial's delayed Amended Complaint filing.

---

EEOC's November 13, 2019 decision upholding the June 19, 2019 MSPB decision to her original Complaint but references the underlying June 19, 2019 MSPB decision throughout her Complaint and Amended Complaint. Although Cheyssial's Amended Complaint does not contain the attachments that she submitted with her original Complaint, the documents are deemed incorporated for pleading purposes.

3

1  Order Declining to Adopt Report and Recommendation; Lifting Hold On Issuance Of Summons
2  ("August 2020 Order") [Dkt. No. 13] 2.  I then conducted a review the Amended Complaint under
3  section 1915(e) to determine if it is frivolous or fails to state a claim on which relief can be
4  granted.  I concluded: "The allegations in Cheyssial's Amended Complaint, construed liberally
5  and taken as true, suggest that she may be able to receive equitable tolling relief given that she
6  alleges that her initial Complaint was mailed on February 27, 2020, before the April 27, 2020 90-
7  day statutory deadline, but was rejected as a defective pleading.  I am satisfied that this passes the
8  threshold of section 1915(e) review, and that summons can be issued to defendants.  The hold on
9  service of this IFP action is hereby LIFTED." *Id.* at 3.  On March 1, 2021, the U.S. Marshals for
10  the Northern District of California served Cheyssial's Complaint and Amended Complaint on
11  defendant McCarthy.  [Dkt. No. 17].

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

4

**DISCUSSION**

**I.     TIMELINESS OF THE COMPLAINT**

As a preliminary matter, McCarthy clarifies that because this case was initially heard before the MSPB and involves a federal employee, the governing statutes concerning the time for filing the action here are 5 U.S.C. section 7702 and section 7703(b) of the Civil Service Reform Act of 1978 ("CSRA"), which set a 30-day deadline. Accordingly, the 90-day deadline in 42 U.S.C. section 2000e-16 to bring Title VII claims, which Judge Kim and I referenced in our previous section 1915(e) screening orders, does not apply.

"The CSRA established a comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 455 (1988); *see* 5 U.S.C. § 7512. A qualifying employee has the right to a hearing before the MSPB, *id.* §§ 7513(d), 7701(a)(1)–(2), which is authorized to order reinstatement, backpay, and attorney's fees, *id.* §§ 1204(a)(2), 7701(g). An appeal might contest whether the agency's action was justified under the CSRA or contend that the adverse decision was made, in whole or in part, in violation of the federal discrimination laws. *See* 5 U.S.C. § 7702(a)(1) (providing that a federal employee who alleges that the basis for an adverse employment decision was discriminatory may appeal to the MSPB).

Section 7703 of the CSRA provides that final MSPB decisions are appealable to the United States Court of Appeal for the Federal Circuit. 5 U.S.C. § 7703(b)(1). "Cases of discrimination"—or so-called "mixed cases"—are exempted from this general rule and are reviewable in a federal district court. 5 U.S.C. § 7703(b)(2). That is, "[w]hen a federal employee appeals an adverse employment action with the MSPB, the forum in which the employee may seek review of the final MSPB decision depends on whether the employee raises allegations of unlawful discrimination in the initial MSPB appeal." *Lee v. Sullivan*, 787 F. Supp. 921, 926 (N.D. Cal. 1992). When the employee does not allege unlawful discrimination, she may seek review of the final decision only before the Federal Circuit. *Id.* (citing 5 U.S.C. § 7703(b)(1)). However, if the employee alleges that "the adverse employment action was motivated by discrimination prohibited by certain statutes (including discrimination based on age or handicap), she may seek

5

*de novo* judicial review of the merits of her MSPB appeal before the local federal district court and may not seek review before the Federal Circuit." *Id.* (citing 5 U.S.C. § 7703(b)(2)).

"Moreover, before filing suit on grounds of discrimination raised in an MSPB appeal, the employee may first petition the EEOC/ORA to review the MSPB's decision and wait to file suit (if necessary) until after the EEOC/ORA's final decision on the appeal. *Id.* (citing 5 U.S.C. § 7702(b); 29 C.F.R. § 1613.421(c)). All EEOC appeals of MSPB decisions, and all subsequent actions brought in federal court concerning discrimination claims brought before the MSPB, must be filed within 30 days after the employee learns of the MSPB's (or, as applicable, the EEOC/ORA's) final decision. *Id.* (citing 5 U.S.C. § 7702, 7703(b)(1), (2)). In *Lee*, for example, the court found that the complaint before it, alleging unlawful discrimination on the basis of handicap, age, and reprisal, was filed more than 30 days after the MSPB reached it final decision. *Id.* at 927–28. It nevertheless found the complaint timely because the plaintiff did not receive actual notice of her right to sue in federal district court as the notice provided to her misinformed her of her right to appeal. *Id.*

With that framework in mind, I recount the procedural history leading up to Cheyssial's filing in this court. After she received the decision to terminate her employment on January 6, 2017, she filed a complaint with the EEOC. On December 7, 2017, the EEOC issued a final agency decision that found the agency did not discriminate against Cheyssial when she was removed. On May 20, 2018, Cheyssial appealed to the MSPB. The MSPB affirmed the decision on June 19, 2019, adding that the initial decision would become final on July 24, 2019, unless a petition for review is filed by that date. *See* MSPB Decision at 16.

The MSPB's decision explained that for cases involving a claim of discrimination, Cheyssial may file "a civil action with an appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit), within 30 calendar days after this decision becomes final under the rules set out in the Notice to Appellant section, above." *Id.* at 22. (citing 5 U.S.C. § 7703(b)(2)). Alternatively, it stated that Cheyssial "may request review by the Equal Employment Opportunity Commission (EEOC) of [her] discrimination claims only, excluding all other issues," by filing a request with the "EEOC's Office of Federal Operations within 30 calendar days after

6

1  this decision becomes final as explained above." *Id.* (citing 5 U.S.C. § 7702(b)(1)). Cheyssial
2  chose the latter option.
3        On August 23, 2019, she filed a timely petition with the EEOC asking for review of a the
4  MSPB's decision concerning her claim of discrimination in violation of Title VII. *See* EEOC
5  Decision at 1. On November 13, 2019, the EEOC issued a decision concurring with the MSPB's
6  decision finding that no unlawful discrimination occurred and provided information about appeal
7  to the district court. *Id.* at 4. The EEOC's decision explained that Cheyssial has a right to file a
8  civil action in federal district court based on the MSPB's decision "*within thirty (30) calendar*
9  *days* of the date that you receive this decision." *Id.* (emphasis in original).
10        Cheyssial claims that she never received the November 13, 2019 EEOC decision that was
11  mailed to her address of record. She contends that she did not actually receive the November 13,
12  2019 EEOC decision until January 28, 2020, in response to an email inquiry she sent to the EEOC
13  asking about the status of her case. She then filed her case in this court on February 27, 2020 (on
14  the last day of the 30-day deadline) but her case was not docketed until May 11, 2020 because her
15  initial Complaint was rejected as a defective pleading. McCarthy's untimeliness challenge thus
16  boils down to two questions: (i) when Cheyssial actually received the November 13, 2019 EEOC
17  decision to trigger the 30-day statutory period set forth in 5 U.S.C. § 7703(b)(2); and (ii) whether
18  Cheyssial timely filed her complaint within that 30-day statutory period.

19      **A.**     **Date of Actual Receipt**
20        McCarthy argues that notice of the November 13, 2019 EEOC decision was given on the
21  same date, as reflected in the accompanying certificate of mailing. The certificate of mailing
22  indicates that the decision was mailed to Cheyssial and that "[f]or timeliness purposes, the
23  Commission will presume that this decision was received within five (5) calendar days after it was
24  mailed." *See* MTD, Ex. B (Certificate of Mailing). In order to rebut the presumption that
25  Cheyssial received the right-to-sue notice by November 18, 2019, and establish that her Complaint
26  was timely, McCarthy argues that Cheyssial "must show that she did not receive the EEOC's
27  right-to-sue letter in the ordinary course" and that the events causing delay were "in no way
28  [Cheyssial's] fault." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir.

7

2007) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005)).[2] "[G]eneral claims that mail is sometimes delayed [are] not [] sufficient to rebut the presumption." *Id.*

In her Amended Complaint, Cheyssial explains that she lives in a rural area of Nevada County, where receiving mail is difficult. *See* Am. Compl. at 6. She contends that her mail was not delivered for "many weeks" because "the Mail Deliverer decided that the mailboxes on my street were too low and we were required to replace our mail boxes to make them higher." *Id.* She claims that when she "went to the Post Office to collect [her] mail they said they had nothing for [her] address," so she "received no mail" for "much of October and November 2019." *Id.* In addition, in October 2019, her "community was put under Public Safety Power Shutoff five times for multiple days at a time and [they] did not have mail delivery due to that also," describing it as a "very difficult time in [her] community and many people did not receive regular mail." *Id.*

Because she worked in the EEO field for over thirty years, she knew that "the end of the fiscal year is busy with reports and the time running up to the holiday season is often a time when federal officials take use or lose leave," so she was "not expecting a decision before the holidays" and expected to receive something after the New Year. *Id.* When she had not received anything by January, she decided to email the EEOC on January 27, 2020 to request the status of her case. *Id.*

On January 28, 2020, the EEOC responded that a decision was issued in her case on November 13, 2019 and mailed to her address by regular mail the same day. *Id.* As reflected in her Amended Complaint and opposition brief, she contends that she never received that piece of mail. Instead, she expected that the decision would have been sent by certified mail with return receipt as, she claims, was standard practice in the EEO field. Accordingly, she argues that statute of limitations should begin from January 28, 2020, when she received actual notice of the November 13, 2019 decision as an email attachment in response to her inquiry about the status of

---

[2] The Ninth Circuit in *Payan* created a rebuttable three-day presumption of when a right-to-sue letter may be deemed to have arrived in circumstances where the plaintiff undisputedly received the letter but "the actual date of receipt is unknown." 495 F.3d at 1122–26. Although McCarthy advocates for a three-day presumption in its motion, the certificate of mailing it cites indicates a five-day presumption. Either way, the relevant question here is whether the presumption of receipt can be rebutted.

8

her case.

McCarthy argues that acknowledgement of receipt of the right to sue letter is not required for the statute of limitations to begin running. He cites *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) for the contention that the date of receipt corresponds to when the right-to-sue letter was delivered and not when the claimant actually received it. Because the November 13, 2019 EEOC decision was presumably delivered five days after it was mailed out, McCarthy argues that November 18, 2019 should be the date that the 30-day statutory period started, regardless of when Cheyssial claims that she received it.

McCarthy's reliance on *Nelmida* is misplaced—*actual receipt* matters here for purposes of calculating the statute of limitations. As explained in the recent case *Singh v. Carranza*, No. 2:19-CV-1692-KJN PS, 2020 WL 7695579, at *4 (E.D. Cal. Dec. 28, 2020), where another federal employer defendant similarly tried to employ the reasoning of *Nelmida* to argue that the plaintiff's suit was untimely, *Nelmida* interpreted "an entirely different section of Title VII—namely, section 2000e-5(f)(1)—whose language contrasts with the language of the [] statute of limitations provided in section 2000e-16(c)" governing cases brought against federal employers. The court differentiated the "giving of [] notice" language in section 2000e-5(f)(1), which *Nelmida* interpreted in finding actual receipt is not required in suits against non-federal employers, from that in section 2000e-16(c), which, like the applicable section 7703(b)(2) of the CSRA, calculates the statute of limitations from the "receipt of notice of final action." *Compare* 42 U.S.C. § 2000e-16(c) (permitting civil action "[w]ithin 90 days of receipt of notice of final action) *with* 5 U.S.C. § 7703(b)(2) (permitting civil action "within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702"); *see also Lee*, 787 F. Supp. at 928 (finding the 30-day limit in section 7703(b)(2) "identical to that provided by 42 U.S.C. section 2000e–16(c) itself," which "does not begin to run until the aggrieved party has received actual formal notification of his statutory right to sue in federal court").

McCarthy's attempt to analogize to the circumstances in *Payan* is also unpersuasive. The plaintiff in that case offered insufficient evidence to rebut the presumption of receipt because "[a]lthough Payan suggested that '[the notice letter] could have been delayed' and that '[she'd]

9

gotten mail that'[d] been delayed before . . . [s]ometimes about a week,' none of [those] comments [were] sufficiently definite, without corroborating evidence, to conclude that the right-to-sue letter arrived more than three days after issuance by the EEOC." 495 F.3d at 1126–27. Payan suggested that "[m]any reasonable and logical reasons exist [] why . . . the EEOC may not have mailed the right-to-sue notice until [after] September 29," but the court found such "unsupported conjectures insufficient to suggest delayed receipt." *Id.* at 1127.

Cheyssial offers more here. She explains that receiving mail in the rural area she lives in is difficult, particularly around the time the November 13, 2019 decision was issued. She went to the post office to check her mail given the complications around that time, but the post office said they had nothing for her address and thus she "received no mail" for "much of October and November 2019." Am. Compl. at 6. She has shown that "she did not receive the EEOC's right-to-sue letter in the ordinary course" and that the events causing delay were "in no way [her] fault." *Payan*, 495 F.3d at 1126.[3] Accordingly, January 28, 2020, the day the EEOC sent her the November 13, 2019 decision in response to her email inquiry, is the date of actual receipt for purposes of calculating the statute of limitations.

### B. Filing Complaint within 30 Days

Pursuant to section 7703(b)(2) of the CSRA, Cheyssial's complaint must have been filed within 30 days of January 28, 2020—February 27, 2020. A litigant is entitled to equitable tolling of a limitations period only if she can show "(1) that [s]he had been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely

---

[3] McCarthy contends that Cheyssial could have provided the EEOC with an email address in October 2019 and asked to receive notice of the EEOC's decision via electronic mail and had she done so, she would have received an emailed version of the November 13, 2019 decision on November 13, 2019. The EEOC regulations provide, in relevant part, that claimants have the "responsibility to provide the [EEOC] with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the [EEOC's] consideration of the charge." 29 C.F.R. § 1601.7(b). McCarthy fails to cite any case law that has broadly interpreted this EEOC regulation to require claimants to notify the EEOC of mailing difficulties associated with their current address, as opposed to a change in address or prolonged absence from the current address. While proactively telling the EEOC about her mail delivery difficulties may have been beneficial in this case, I am not convinced that Cheyssial's failure to do so makes the cause of the delay attributable to her as it would for a claimant who fails to inform the EEOC of change of address or prolong absences.

10

filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation and quotation omitted). Federal courts "have typically extended equitable relief only sparingly," such as (1) "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or [(2)] where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts have been generally unforgiving, however, when a late filing is due to claimant's failure "to exercise due diligence in preserving his legal rights." *Id.* at 96 (quoting *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)).

Cheyssial invokes the first circumstance here—that she actively pursued her case by filing a defective pleading during the statutory period when she sent in the original Complaint on February 27, 2020. In her Amended Complaint, she explains that she initially mailed her Complaint in this case on February 27, 2020, and "was under the impression that the postmark [date] would serve to show that [she] filed timely." Am. Compl. at 6. However, she claims that she received her Complaint back sometime in March 2020, "requesting that [she] complete an additional form." *Id.* She completed the form and sent it back. *Id.* She "received it back again in regular mail advising that [she] did not complete the form correctly and had to redo it." *Id.* From all of this, she alleges that "[b]y the time the form was accepted, the Court determined my filing date to be May 11, 2020." *Id.* She argues that she did not delay and "certainly did not know that this back and forth mail regarding one form made [her] case untimely." *Id.*

In my August 2020 Order, I noted that Cheyssial did not specify what "additional form" the Clerk of the Court required her to complete, and complete correctly, between February and May 2020. I found that the attached copy of her IFP application to the Amended Complaint "suggest[ed] that it may have been an incomplete IFP application that caused the delay." August 2020 Order at 3. Cheyssial now clarifies, in her opposition brief, that the "additional form" was the civil cover sheet that the Clerk of the Court told her she must file along with her Complaint. She contends that once the Clerk of the Court told her to submit a civil cover sheet, she re-submitted her Complaint, this time with a civil cover sheet. She claims that she did not realize that she had checked the wrong box on the cover sheet and had to subsequently re-submit her

11

1    Complaint again with a corrected civil cover sheet.  By the time the form was accepted, the Clerk

2    of the Court determined the filing date to be May 11, 2020.

3            Taking these allegations as true, and liberally construing them given Cheyssial's pro se

4    status, I find that she has alleged enough to establish equitable tolling at the pleadings stage.  *See*

5    *Wilkins v. Vancott*, No. 17-CV-00340-YGR (PR), 2018 WL 3763316, at *2 (N.D. Cal. Aug. 7,

6    2018) ("Pro se pleadings are to be liberally construed, and 'however inartfully pleaded, must be

7    held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Erickson v.*

8    *Pardus*, 551 U.S. 89, 94 (2007)).  Other courts that have declined to apply equitable tolling to save

9    untimely pro se complaints have done so in light of *no argument* to the contrary.  *See, e.g.*, *Gray v.*

10   *Shinseki*, No. C-12-03109 JCS, 2013 WL 1891387, at *3 (N.D. Cal. May 6, 2013) ("Plaintiff does

11   not allege in the complaint or suggest in her Opposition brief that there are grounds for finding

12   equitable tolling.  Indeed, she offers no explanation of her failure to timely file the complaint in

13   this action."); *Smith v. Brennan*, No. 15-CV-04516-WHO, 2016 WL 1446720, at *5 (N.D. Cal.

14   Apr. 13, 2016) ("While the presumptive dates of mailing and arrival can be rebutted, Smith offers

15   no evidence or argument to rebut them here. Nor does he identify any basis for equitable tolling.").

16   By contrast, Cheyssial has provided a plausible basis to support equitable tolling in her case.

17           McCarthy's motion to dismiss this action as untimely is DENIED.

## II.  FAILURE TO STATE A CLAIM

McCarthy alternatively argues that even if this action is timely, the matter should still be dismissed because Cheyssial fails to state a claim for relief pursuant to Title VII.   In her Complaint, and reiterated in the operative Amended Complaint, Cheyssial claims that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination" based on, among a list of complained-of actions, termination of her employment, denial of reasonable accommodation, and denial of mandatory interactive process to determine reasonable accommodation.  Am. Compl. at 1–2.  Her discriminatory claim is based on "Age (Over 40), Mental and Physical Disability, Reprisal for prior EEO Complaints and Requests for Reasonable Accommodation."  *Id.* at 2.

McCarthy does not challenge the substance of how Cheyssial claims she was

discriminated. Rather, he argues that Cheyssial's claims must fail because she does not allege membership of any Title VII protected class. Title VII prohibits employment discrimination based on an "individual's race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1). Cheyssial's alleged physical disability and age are not categories protected under Title VII. *See Ross v. Padres LP*, No. 17-CV-1676 JLS (JLB), 2018 WL 3126114, at *6 (S.D. Cal. June 25, 2018) (dismissing Title VII discrimination claim because medical status and age are not protected classes under Title VII); *Simmons v. Modly*, No. 19-CV-1448 JLS (WVG), 2020 WL 4784739, at *3 (S.D. Cal. Aug. 18, 2020) (dismissing claim for disparate treatment or wrongful termination under Title VII because medical conditions, physical disabilities, and age are not protected under Title VII). McCarthy argues that Cheyssial's retaliation claim based on "Reprisal for prior EEO Complaints and Requests for Reasonable Accommodation" similarly fails because any age and disability discrimination claims she brought to the EEOC cannot constitute a protected activity. *See Montanez v. Educ. Tech. Coll.*, 660 F. Supp. 2d 235, 243 (D.P.R. 2009) (dismissing Title VII retaliation claim where plaintiff alleged that defendant "dismissed her in retaliation for the claim she filed with the EEOC" and the "claim was based on both age and disability—based discrimination, neither of which are protected classes under Title VII"); *see also Simmons*, 2020 WL 4784739, at *5 (dismissing retaliation claim where plaintiffs alleged "that they complained about the mistreatment of older and disabled workers—classes that are not protected by Title VII").

What McCarthy fails to recognize, however, is that the underlying EEOC decision that gave Cheyssial her right-to-sue letter analyzed her claim as brought under Title VII. *See* EEOC Decision at 1 (describing Cheyssial's claim as brought under Title VII and the Rehabilitation Act). Even if Title VII does not cover her alleged age and disability discrimination claims, the other anti-discrimination laws outlined in sections 7702 and 7703 of the CSRA could.

Section 7702(a)(1) incorporates discrimination prohibited by "(i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16), (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)), (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791), (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a),

1   or (v) any rule, regulation, or policy directive prescribed under any provision of law described in
2   clauses (i) through (iv) of this subparagraph." 5 U.S.C. § 7702(a)(1)(A)-(B).  Section 7703(b)(2)
3   provides: "Cases of discrimination subject to the provisions of section 7702 of this title shall be
4   filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c)
5   of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of
6   the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable." 5 U.S.C. §
7   7703(b)(2).

   Based on this list of statutes, an age discrimination claim like the one Cheyssial brings here could proceed under the Age Discrimination in Employment Act, which requires that "[a]ll personnel actions affecting . . . applicants for employment who are at least 40 years of age . . . be made free from any discrimination based on age," 29 U.S.C. § 633a(a).  Cheyssial's disability discrimination claim could proceed under the Rehabilitation Act, which prohibits discrimination against qualified disabled individuals.  Although Cheyssial fails to cite these statutes in her Complaint and Amended Complaint, and instead only cites to Title VII by using what appears to be a standard employment discrimination complaint form provided on the court's website, that alone does not subject her case to dismissal.  Liberally construed, the facts stated make claims under those other statutes plausible.  Dismissal based simply on citing the wrong statutes, particularly in a pro se case like this, is not warranted.

   McCarthy's motion to dismiss for failure to state a claim is DENIED.

## CONCLUSION

   For the reasons set forth above, McCarthy's motion to dismiss is DENIED.  A Case Management Conference is set for September 14, 2021 at 2 p.m.  The Joint Case Management Conference Statement shall be filed by September 7, 2021.

   **IT IS SO ORDERED.**

Dated: August 9, 2021



William H. Orrick
United States District Judge

14